## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **THE UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-22-CV-0128** |
| | § | |
| **BOOMERANG TRANSPORTATION and** | § | |
| **SWAN PIPELINE SERVICES, INC.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Defendants.** | § | |

## UNITED STATES' ORIGINAL COMPLAINT

The United States of America ("United States"), hereinafter Plaintiff, complaining of Boomerang Transportation (Boomerang) and Swan Pipeline Services, Inc., (Swan) (collectively, "the Defendants") alleges as follows:

## INTRODUCTION

1.     The United States Border Patrol (Border Patrol) is the primary federal law enforcement organization responsible for preventing terrorists and their weapons from entering the United States between official Customs and Border Protection ports of entry. The Border Patrol is also responsible for preventing the illicit trafficking of people and contraband between the official ports of entry.

2.     UNICOR is the trade name of Federal Prisons Industries, Inc., an executive agency of the federal government and wholly-owned federal government corporation that is organizationally part of the Federal Bureau of Prisons.  UNICOR runs a work program whose mission is to protect society and reduce crime by preparing inmates with job training and practical work skills for reentry success

3.      UNICOR customizes buses for federal agencies, including the Border Patrol, for their transportation needs.  UNICOR customized a 2021 Bluebird Bus (bus), owned by the United States, for the United States Border Patrol.  The Border Patrol intended to use the bus to transport persons detained by the Border Patrol.

4.      UNICOR retained Boomerang for transportation of the bus from the UNICOR facility in Bastrop, Texas to the Border Patrol Station in Marfa, Texas.  Boomerang, in turn, retained the services of Swan to physically pick up and deliver the bus.

5.      Swan, in transporting the bus, caused damage to the bus prior to delivery to the Border Patrol in Marfa, Texas. The bus received extensive damage that required tens of thousands of dollars in repairs.

## JURISDICTION AND VENUE

6.      The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1345.

7.      This Court has personal jurisdiction over the Defendants because the claims asserted herein are based on Defendants' actions within this District

8.      Venue is proper in the Western District of Texas under 28 U.S.C. § 1391(b) because at least one Defendant can be found, resides, or transacts business in this district, and because a substantial part of the events giving rise to the claims herein occurred in this district.

## PARTIES

9.      Plaintiff, the United States, brings this suit on behalf of UNICOR, which is a federal executive agency and wholly-owned federal government corporation and on behalf of the Border Patrol, a component of the United States Customs and Border Protection (CBP).  CBP is an agency of the United States.

10.     Defendant Boomerang Transportation (Boomerang) is a logistics company offering

freight transportation services across North America.  Boomerang is located at 400 N. Ashley Dr., Suite 1975, Tampa, Florida 33602-4300.  Boomerang may be served through its registered agent for service of process, Jonathan Novak, at 400 N. Ashley Dr., Suite 1975, Tampa, Florida 33602-4300.

11.     Defendant Swan Pipeline Services, LLC, (Swan) is a transportation company that provides multiple levels of transportation services.   Swan is located at 401 Chickasha Ave., Chickasha, Oklahoma 73018-2465. Swan may be served through its registered agent for service of process, Jarred Powell or Derik Riley, at 401 Chickasha Ave., Ste 317 Chickasha, Oklahoma 73018-2465.

## **FACTS**

12.     One of the services offered by UNICOR is the customization of buses for use by federal agencies and their transportation needs.  The Border Patrol is one federal agency that utilizes buses customized by UNICOR.

13.     UNICOR customized a 2021 Bluebird Bus (bus), owned by the United States, for the Border Patrol.  The Border Patrol intended to use the bus to transport persons detained by the Border Patrol.

14.     UNICOR retained Boomerang for transportation of the bus from the UNICOR facility in Bastrop, Texas to the Border Patrol Station in Marfa, Texas.  Boomerang, in turn, retained the services of Swan to physically pick up and deliver the bus.

15.     Swan, an agent of Boomerang, picked up the bus from the UNICOR facility on, January 27, 2021, for purposes of delivering the bus to the Border Patrol Station in Marfa, Texas. The United States was billed for this service by Boomerang and that bill has since been paid.

16.     UNICOR received notification on the same date that the driver for Swan apparently misjudged the height of an overpass bridge and attempted to drive under the overpass while transporting the bus.  As a result of the lack of height clearance, the bus struck the bridge causing significant damage to the bus.

17.     Upon receipt of notice of the accident, a UNICOR representative attempted to find a Blue Bird repair facility in Marfa, Texas to obtain a quote and ensure they could repair the bus. The UNICOR representative was unable to find an authorized Blue Bird repair facility, and instead located  "Dice's Diesel" in Van Horn, Texas.

18.     The manager at Dice's Diesel drove to the bus's location to evaluate the damage. He stated that he would be able to repair the bus.

19.     On January 28, 2021, CBP, Mobile Assets Program Management Office approved utilizing this vendor.

20.     Gorka Zubizarreta of Boomerang Transportation advised that the driver for Swan would drop off the bus in Van Horn, Texas with the repair facility, Dice's Diesel. He also advised that Swan would be paying for the repair. Dice's Diesel quoted approximately $2200 for the repair, not to include parts. Once that information was sent to Zubizarreta, he sent a Release of Liability form from Swan stating they needed it signed before they would pay for repairs.

21.     The document ostensibly Released Swan from liability for damage caused to the bus.  There was no language in the document releasing any claims against Boomerang.  The document was signed by Matthew Rios, a quality assurance manager for UNICOR.

22.     A settlement on behalf of the United States may be enforced only if the person who entered into the settlement had actual authority to settle the litigation. *Commodity Futures Trading Com'n v. Field* 249 F.3d 592, (7th. Cir. 2001).

23.     Congress has passed several pieces of legislation dictating who may compromise settlements on behalf of the United States.  See e.g., Federal Claims Collection Act (FCCA), Pub. L. No. 89-502, 80 Stat. 308 (1996); Collection and Compromise (FCCA), 31. U.S.C. § 3711; Federal Claims Collection Standards, 31 C.F.R. § 900.1-303.5; and Delegation of Authority, 28. C.F.R. § 11.5.

24.     Matthew Rios was not a person authorized to settle claims on behalf of the United States, as such, the document signed by Mr. Rios and titled "Settlement and Release of Claim" is not binding on the United States.

25.     On April 21, 2021, UNICOR received notice that there was a significant increase in the invoice price ($10,000) than what was previously quoted by Dice's Diesel. Swan was trying to determine whether they would be paying out of pocket or through insurance.

26.     Due to the time that had already passed and Border Patrol needing this bus, UNICOR paid the invoice, with the understanding and agreement that not only would Boomerang reimburse UNICOR, but they would pay for any further repairs needed.

27.     On May 3, 2021, an agent with Border Patrol went to pick up the "repaired bus," however upon arrival it was determined that the repair that was done was considered poor at best. Based on the poor workmanship performed by Dice's Diesel, Supervisory Contracting Specialist Sheila Gonzales negotiated a new price after UNICOR's payment cleared. Dice's Diesel then sent a reimbursement check to UNICOR.

28.     UNICOR contacted a Blue Bird servicing dealer out of El Paso, Texas (Far West Services) that agreed to bring the bus to "like new" condition. Border Patrol picked up the bus from Dice's Diesel and drove it to Far West Services.

29.     Far West Services initially quoted $25,582.21 for the repairs and then added

another $1859.47 after locating more damage once they started taking the bus apart. The total cost for repairs by Far West Services was $27,441.68.

## BREACH OF BAILMENT CONTRACT

30.    Plaintiff incorporates Paragraphs 1 through 29 as if fully set forth herein.

31.    Defendants' transportation service was a bailment contract for the mutual benefit of Plaintiff, as bailor, and Defendants, as bailee. By taking temporary possession of Plaintiff's bus, Defendants had a contractual duty to exercise reasonably prudent care over the vehicle. Defendants breached this contractual duty by allowing their employees and/or agents to transport the bus through an overpass that was not tall enough to accommodate the trailer carrying the bus on it, causing significant damage to the bus.

32.    Defendants, through their employees and/or agents, breached this bailment contract, proximately causing the damages complained of and sought in this lawsuit: repair costs, towing costs, diminution in value, costs for loss of use of the bus, and Plaintiff's reasonable and necessary attorney's fees.

33.    Pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE § 38.001(1), (2) and (8), and in addition to all actual and consequential damages, Plaintiff seeks the recovery of its reasonable and necessary attorney's fees. Plaintiff satisfied the claim presentment requirement of TEXAS CIVIL PRACTICE AND REMEDIES CODE § 38.002 when it delivered its settlement demand to Defendants on December 14, 2021.

## NEGLIGENCE

34.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

35.    In exchange for Plaintiff's payment to transport the bus, Defendants owed Plaintiff the standard of care of a reasonably prudent transportation company. A reasonably

prudent transportation company would not have tried to transport a bus, carried on a trailer, through an overpass that did not have sufficient height clearance to safely transport the bus. Via the doctrine of *respondeat superior*, Defendants, through their employees and/or agents, breached this standard of care, proximately causing the damages complained of and sought in this lawsuit: repair costs, towing costs, diminution in value, costs for loss of use of the bus, and Plaintiff's reasonable and necessary attorney's fees.

## PRAYER

36.   For these reasons, Plaintiff asks that Defendants be cited to appear and answer and, on final trial, that Plaintiff be awarded a judgment against Defendants for its:

      a.   actual, direct, and consequential, and exemplary damages;

      b.   pre- and post-judgment interest at the highest rate allowed by law;

      c.   reasonable and necessary attorney's fees;

      d.   court costs; and

      e.   all other relief, at law or in equity, to which Plaintiff is entitled.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, the United States requests a trial by jury.

Date:  April 14, 2022              Respectfully submitted,

                                    **ASHLEY C. HOFF**
                                    United States Attorney

              By:    */s/ Eduardo R. Castillo*
                    **EDUARDO R. CASTILLO**
                    Assistant United States Attorney
                    Texas Bar No. 03984803
                    700 E. San Antonio, Ste. 200
                    El Paso, Texas 79901
                    Tel: (915) 534-3493
                    Fax: (915) 534-3490
                    eddie.castillo@usdoj.gov

*Attorneys for the United States of America*